Jack Einheber, PLAINTIFF Pro Se
2124 Kittredge St. #400
Berkeley, CA 94704
(510) 644-1810

FILED
JUN - 5 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACK EINHEBER,

    Plaintiff,

vs.

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, THE UNIVERSITY OF CALIFORNIA AT BERKELEY, DEBRA HARRINGTON, JOYCE HARLAN VICTORIA HARRISON, WILLIAM FOLEY in their personal and individual capacities, et al.,

    Defendants

Case No. C 07 3319 EMC

COMPLAINT PER FRCP 3 AND 7(a) FOR VIOLATION OF PLAINTIFF'S RIGHTS PER AMENDMENTS I AND XIV OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND FOR REPRISAL FOR PLAINTIFF'S EXERCISE OF CONSTITUTIONAL RIGHTS PER AMENDMENT I AND FOR DISABILITY DISCRIMINATION PER ADA AND THE FEDERAL REHABILITATION ACT OF 1964

DEMAND FOR JURY TRIAL

**Jurisdiction.** The court has jurisdiction over this complaint because it arises under the laws of the United States.

**Venue.** Most of the events and issues in this case occurred within the Northern District of California and within that District most related events occurred in San Francisco and Alameda Counties.

## I.

## INTRODUCTION

The University of California (UC) and the University of California at Berkeley (UCB) receives a substantial portion of its funding from the Federal Government of the United States of America (US.). As such and under other parameters and guidelines it is bound by the rules and regulations of the US.

Plaintiff Alleges he was denied promotion to the position of sergeant of police at the University of California at Berkeley (UCBPD) in retaliation for statements he made in the course of that employment in 1987, 1988, 1989 and 1990 which are protected by the First and Fourteenth Amendments of the Constitution of the United States. The issues specifically in question relate to violations of the University's grievance process under which the plaintiff contested the defendants' actions in relation to denial of promotion, alleged reprisal and violations of the employer's rules, regulations, guidelines and staff personnel policies which governed promotion, reprisal and the related grievance process.

## II.

## STATEMENT OF THE ISSUES

The evidence will indicate that plaintiff's First Amendment protected speech was a substantial and motivating factor in the decision to deny plaintiff's promotion and subsequently deny him proper due process recourse to contest the denial.

In violation of plaintiff's Constitutional Rights and his rights under the governing rules and regulations of UC and UCB, UCB's Labor Relations

1  Department in cooperation with UCBPD and its chief Victoria Harrison and its
2  administrative lieutenant, William Foley denied plaintiff his proper due process in
3  grieving denial of his promotion. The defendants also treated him disparately.
4      The defendants did this repeatedly, on numerous occasions. On November
5  20, 1990, they unsuccessfully attempted to quash the proceedings entirely. Then,
6  beginning in 1994 they began a pattern of forcing repeated delays of the in process
7  proceedings. Finally, in a letter, plaintiff received on the East Coast on or
8  approximately June 16, 2006, UCB Labor Relations advocate Joyce Harlan, with
9  copies to Labor Relations Manager Harrington and UCBPD Chief Victoria
10 Harrison finally, completely and with prejudice, permanently denied plaintiff's
11 rights to contest his denial of promotion and hence his Constitutional rights thereto
12 related. The letter also denied plaintiff his rights to protest four other subsequent
13 denials of promotion, for which plaintiff had initiated a grievance at the
14 defendants' request. At defendants' request plaintiff had consolidated (i.e.
15 combined) protest of those four other denials of promotion.
16     Defendants were aware of and investigated plaintiff's serious medical
17 condition, for which he received repeated long term treatment at the University of
18 California Medical Center at San Francisco. Knowledge of this treatment and its
19 implications for plaintiff's ability to conduct his grievances was apparently a factor
20 in the undue delays initiated by defendants.
21     Defendants actions herein also constituted disability discrimination under
22 the Americans with Disabilities Act and the Rehabilitation Act of 1964.
23     During the process that had been underway, when improperly interrupted
24 and, later, quashed, defendants Harrison, Foley and Harlan deliberated interfered
25 with witness appearances and improperly impeded the production of bona fide,

relevant evidence, as well. These high ranking police officials also committed perjury.

Plaintiff is currently on the East Coast due to highly urgent health and family matters and does not have his files and records accessible to him while there.

### III. PRAYER

Plaintiff prays that the Court will restore his due process and related Constitutional Rights, including those of Amendments I and XIV which were violated, as well as award any appropriate punitive damages and reimburse plaintiff related costs and expenditures as yet undetermined. Additionally, plaintiff requests reimbursement for wages rightfully lost were the matter timely resolved. Plaintiff requests that the maximum legal interest be appended to these sums if determined to be in his favor.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this Third Day of June, 2007

Jack Einheber, Plaintiff
Pro Se