Jack Einheber, Plaintiff Pro Se
2124 Kittredge St. #400   and
Berkeley, CA 94704
(510) 290-1299/Fax (212) 866-4363

P.O. Box 250014
Columbia University Station
New York, NY 10025

FILED
JAN 2 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK EINHEBER,<br><br>Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, THE UNIVERSITY OF CALIFORNIA AT BERKELEY, DEBRA HARRINGTON, JOYCE HARLAN VICTORIA HARRISON, WILLIAM FOLEY in their personal and individual capacities, et al.,<br><br>Defendants | Case No.: CV-97-04352-CW<br>C 07-3319 PJH<br><br>MOTION FOR RECONSIDERATION AND IN OPPOSITION TO DEFENDANTS MOTION TO RELATE CASES AND STAY ACTION<br><br>Accompanying Papers: Proposed Order, Affidavit of Jack Einheber in Support of Judicial Recusal of Judge Claudia Wilken Per 28 USC 144 and 455, Proposed Order, Certificate of Jack Einheber<br><br>No Hearing Date Set |

1. Plaintiff opposes defendants' motion to relate cases and stay action per Local Rule 3-12, and has never stipulated to such. In the event that the opposition is not accepted, then plaintiff respectfully asks that under circumstances below that he be afforded reconsideration in opposing defendants' motion to relate the cases and stay action.

(1)

PLAINTIFF, JACK EINHEBER, PRO SE, MOTION FOR RECONSIDERATION OR TO OPPOSE
DEFENDANTS' MOTION TO RELATE CASES AND STAY ACTION

2. The manner in which defendants moved for administrative relief herein (defendants specify in their proposed order that theirs is an administrative motion) violates Local Rule 7-10 (b) because while they chose to send their motion via Federal Express (presumably via overnight courier) to the Court in their own City, San Francisco and locally across the Bay to Oakland, they sent plaintiff's copy by regular mail to his location in New York City.  Local Rule 7-10(b) specifically reads:           "… it [**Support for Motion for Administrative Relief**] must be delivered to all other parties the same day it is filed." The motion was presumably filed on January 10 or 11, 2008, but plaintiff did not receive it until January 19. At any case, to comply with Local Rule and for pragmatic consideration, defendants should have used overnight delivery to plaintiff to give him a reasonable opportunity to oppose defendants' motion.

3. Moreover, defendants' characterization of the relationship of the cases is incorrect.

4. Whereas the instant matter deals directly with denial of due process in the University of California's grievance procedure over the UCBPD and UC systemwide administration's support of repeated denial of plaintiff's promotion to

(2)

sergeant as original top scoring candidate among the UC system-wide police departments and not the award portion of a reversal of termination, which was the subject matter of the previous hearing before Judge Claudia Wilken.

5. The case that defendants refer to as "termination" and move to relate instead dealt with the remedy portion of a reversal of termination and disability discrimination allegations in relation to the termination. (Since that termination was reversed in binding arbitration, unqualifiedly using that term is misleading.)

6. Without adequate examination, and in this case, without giving plaintiff a reasonable and legal opportunity to specifically oppose the motion to relate and stay, one could only relate these two cases via an inadequate prima facie conclusion based on the statutes applied, not on the basis of the two cases' separate and different individual facts that those statutes are applied to. In other words, these are two entirely separate and distinct cases, based on two entirely separate and distinct sets of facts, but if someone superficially or hurriedly focuses only upon the statutes and not the individual case facts, then one might erroneously construct an unfounded relationship.

7. Applying this same reasoning, one could almost argue that any party making separate complaints against a particular party whom they had previously sued and based on the same statutes, albeit applied to different situations and sets of facts are related. In this case, the only

(3)

possible way these cases could be related is purely on the statutes applied, but not on the content of the two complaints. Trying to relate in such a way, absent closer examination of the facts and without specifically comparing the particular facts and allegations of each case is, in and of itself, prejudicial.

8. Debra Harrington and Joyce Harlan are first time defendants and were not defendants in the reversal of termination case. Victoria Harrison, whose termination decision as police chief was reversed in the reversal of termination case, was an administrative lieutenant in the alleged denial of due process in plaintiff's denial of promotion grievance. All are first time defendants in this action.

9. Former UC Berkeley Police Department (UCBPD) captain, William Foley, was also a lieutenant when the grievances began and is now retired and separated from UCBPD. To simplify matters, plaintiff will drop his complaint against Foley but may need to call him as a witness and would like to reserve such right.

10. Moreover, if this opposition motion is not granted, plaintiff will, in good faith, ask for Judge Wilken's recusal or disqualification per U.S.C. 28 §455 and U.S.C. §144.

(4)

PLAINTIFF, JACK EINHEBER, PRO SE, MOTION FOR RECONSIDERATION OR TO OPPOSE DEFENDANTS' MOTION TO RELATE CASES AND STAY ACTION

1   11. The current appeal before the Ninth Circuit, which defendants use as a

2   rationale for a stay, appeals a decision by Judge Wilken.

3   Please see related affidavit and certificate. Signed this Nineteenth Day of

4   January, 2008 at New York, New York.

5

6   Jack Einheber, Plaintiff Pro Se

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

(5)

PLAINTIFF, JACK EINHEBER, PRO SE, MOTION FOR RECONSIDERATION OR TO OPPOSE
DEFENDANTS' MOTION TO RELATE CASES AND STAY ACTION