1  Jack Einheber, Plaintiff Pro Se
2  2124 Kittredge St. #400   and
3  Berkeley, CA 94704
4  (510) 290-1299/Fax (212) 866-4363

P.O. Box 250014
Columbia University Station
New York, NY 10025

**FILED**

JAN 2 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA
OAKLAND

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JACK EINHEBER,

Plaintiff,

vs.

THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA,
THE UNIVERSITY OF CALIFORNIA
AT BERKELEY, DEBRA
HARRINGTON, JOYCE HARLAN
VICTORIA HARRISON, WILLIAM
FOLEY in their personal and individual
capacities, et al.,

Defendants

:  Case No.: CV-97- 04352-CW
:  C 07-3319 PJH
:
:  AFFIDAVIT OF JACK EINHEBER IN
:  SUPPORT OF JUDICIAL RECUSAL
:  OF JUDGE CLAUDIA WILKEN PER
:  28 U.S.C. §144 AND 28 U.S.C. §455
:
:  Accompanying Papers: Certificate of
:  Jack Einheber, Plaintiff Pro Se ,
:  Proposed Order, Opposition to
:  Defendants' Motion to Relate Cases and
:  Stay Action, Proposed Order
:
:  No Hearing Date Set

1) I declare that my name is Jack Einheber and I am the plaintiff, pro
   se in the above captioned matter.

2) The statements in this affidavit are of my own knowledge and I
   would competently testify thereto if called upon to do so.

3) I am filing this affidavit in a good faith request (see accompanying
   certificate) to enact Judge Claudia Wilken's recusal as I believe
   that I cannot have a fair and impartial trial before her because she
   is prejudiced/biased against me.

(1)

AFFIDAVIT BY PLAINTIFF JACK EINHEBER SUPPORTING JUDGE CLAUDIA WILKENS RECUSAL

4. I base my contention on my objective analysis as taught to me in the course of my education at the University of California at Berkeley (UCB) wherein I was awarded a Ph. D. for original research and for qualifying in both hard scientific and social scientific areas. I have also learned to apply criminal and vehicular law, having served as a State of California peace officer and police officer for more than twelve years.

5. One of the main emphases of a Ph. D. program is to learn to recognize and avoid prejudice – i.e. prejudgment, bias or inaccurate pre-conception. This includes recognizing ex post facto rationalization. (Not *prejudice* in the specific legal sense of dismissing a matter without further recourse, although prejudice as used above in a general sense can result in wrongful *prejudice* in the legal sense.)

6. This matter has a great need to avert prejudice because as defense counsel demonstrated there may be a tendency to find invalid relationship between two separate and different matters, i.e. the one previously heard by Judge Wilken and the instant complaint put forth. The subject matters and legal principles of the two matters are entirely unrelated. There, apparently, has been, on the part of defense and the Judge a misplaced tendency to relate the matters on a false premise. On at least the Judge's part that tendency is tainted with prejudice.

7. Without adequate examination, and in this case, without giving plaintiff a reasonable and legal opportunity to specifically oppose the

(2)

1   motion to relate and stay, an inadequate prima facie conclusion could
2   only relate these two cases because of the statutes applied not on the
3   basis of the two cases' individual facts.  In other words, these are two
4   entirely separate and distinct cases, based on two entirely separate
5   and distinct sets of facts, but if someone superficially or hurriedly
6   focuses only upon the statutes and not the individual case facts, then
7   one might erroneously construct an unfounded relationship.

8   8. Applying this same reasoning, one could almost argue that any
9   party making separate complaints against a particular party whom
10  they had previously sued and based on the same statutes, albeit
11  applied to different situations and sets of facts are related.  In this
12  case, the only possible way these cases could be related is purely on
13  the statutes applied, but not on the content of the two complaints.
14  Trying to relate in such a way, is in and of itself, prejudicial.

15  9. Specifically, by way of history, I am convinced that Judge Wilken
16  harbors prejudice and/or bias toward me and that there is the
17  appearance of such.  It is related to contradictions and oversights on
18  her part.

19  10. The prejudice started at my first hearing with the Judge on the
20  previous case.  She tried to dismiss my case on several different
21  bases, but these bases were on false conclusions based on biased
22  assessment of the facts in my brief. It was only when at each of her
23  attempts to dismiss the original case I pointed to specific facts or
24  allegations in the evidence or my brief that she admitted she was

25                              (3)

1    mistaken and withdrew the attempt to immediately dismiss the case.

2    11. The Judge did the same with each of the several other pro se

3    litigants that day and there were a number of these. (I'm not sure if I

4    stayed the entire session, but I observed the same pattern with all the

5    other pro se litigant's whose case presentations before the judge that I

6    witnessed and, to the best of my recollection, they numbered at least

7    three to five and possibly more.)

8    12. The Judge seemed to express embarrassment at having to be

9    corrected so often in my case and having missed the basic tenets and

10    facts. After that, for much of the further course of the case, she had a

11    better grasp of the facts, evidence and issues, but when the case came

12    up for trial she once again began to exhibit the same behavior,

13    attitude, approach she had in that original above described session.

14    13. Also around the time trial was set, there arose an incongruity

15    between the writings in her decisions and her statements and

16    conclusions during hearings, and as evidenced in her subsequent or

17    in hearing decisions.

18    14. In case recusal is declined, I would like the opportunity to refer to

19    the specific records, but I am unable to leave the East Coast at present

20    and have no way to access my records which are in California.

21    Despite substantial health challenges and disabilities of my own, I am

22    the health care agent and only family member capable of handling

23    the affairs of my younger brother who is in a deep coma. There are

24    numerous issues and life and death decisions to be made in his

25                                    (4)

AFFIDAVIT BY PLAINTIFF JACK EINHEBER SUPPORTING JUDGE CLAUDIA WILKENS RECUSAL

1    regard.  I am also the primary caretaker for my parents who are in
2    their mid-eighties.  My mother remains disabled from a severe
3    household accident wherein a kitchen cabinet spontaneously tore off
4    the wall fracturing her kneecap; falling cans and breaking jars caused
5    her over a dozen lacerations, contusions and abrasions.  My step-
6    father is disabled from stroke and other problems.
7    15. I only received a copy of defendants motion via regular US Mail
8    on January 19, 2008.
9
10    I declare under penalty of perjury that the foregoing is true and correct to
11    the best of my knowledge and recollection.  Signed this Nineteenth Day of
12    January, 2008 at New York, New York.
13
14    Jack Einheber, Plaintiff Pro Se
15
16
17
18
19
20
21
22
23
24
25                                    (5)