IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK EINHEBER,<br><br>      Plaintiff,<br><br>  v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,<br><br>      Defendants.<br>_____/ | No. C 07-03319 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION, DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND FOR RECUSAL, DISMISSING DEFENDANT WILLIAM FOLEY, AND GRANTING DEFENDANTS' MOTION FOR STAY |

    Plaintiff Jack Einheber moves for leave to file a motion for reconsideration of the January 15, 2008 Order relating this case to a previous case filed by Plaintiff, Einheber v. Regents of the University of California, et al., C 97-4352 CW. In the alternative, Plaintiff moves to have the undersigned judge recused. He also requests the dismissal of all claims against Defendant William Foley. Defendants had previously moved for a stay of this case pending the Ninth Circuit's decision in the appeal of case number C 97-4352 CW. Having read all the papers filed by the parties, and good cause appearing, the Court GRANTS Plaintiff's motion for leave to file a motion for reconsideration, DENIES Plaintiff's motions for reconsideration and for recusal, GRANTS

Plaintiff's request to dismiss Defendant Foley and GRANTS Defendants' motion for a stay.

I. Motion for Leave to File Motion for Reconsideration

On January 10, 2008, Defendants filed an administrative motion to relate this case to case number C 97-4352 CW and to stay this case pending the outcome of the appeal in case number C 97-4352 CW. The motion was filed in case number C 97-4352 CW as required by Civil Local Rule 3-12(b).  Under Civil Local Rule 7-11, which governs motions for administrative relief, Plaintiff had three days in which to file an opposition to the motion.  No opposition was received within the requisite time period and on January 15, 2008, this Court issued the Order Relating Cases.

Plaintiff points out that Defendants served their motion by regular mail to his New York City address and he received it on January 19, 2008.  Because Plaintiff did not have an adequate time to file an opposition to Defendants' motion to relate cases, the Court grants Plaintiff leave to file his motion for reconsideration and considers his opposition to Defendants' motions to relate the cases and to stay this case.

After reviewing Plaintiff's reasons for opposing relating the two cases, the Court finds that the requirements for relating cases stated in Local Rule 3-12(a) are sufficiently present and, therefore, does not vacate its order relating the two cases. Therefore, Plaintiff's objection to relating the cases is overruled.

II. Motion for Recusal

Plaintiff requests, under 28 U.S.C. §§ 144 and 455, that this

2

Judge withdraw from presiding over this action. Title 28 U.S.C. § 144 states in pertinent part as follows:

> Whenever a party to any proceeding makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

Section 455 provides, in relevant part:

> (a) Any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party . . .

28 U.S.C. § 455.

The standards for disqualification or recusal under §§ 144 and 455 are identical. United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). "The standard for judging the appearance of partiality requiring recusal [] is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991).

It is well recognized that 28 U.S.C. § 144 requires that recusable bias be both personal and extrajudicial. United States v. Carignan, 600 F.2d 762, 763-64 (9th Cir. 1979). "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some

3

basis other than what the judge learned from his [or her] participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).  The source of bias must be extrajudicial because the "recusal statute was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise . . . ." Ex parte American Steel Barrel Co., 230 U.S. 35, 44 (1913).

Here, Plaintiff has filed a sworn affidavit.  However, the affidavit states only that Plaintiff disagrees with the procedure by which this case was transferred to this Court, and that he disagrees with several of the Court's rulings in his previous case. The affidavit proffers no evidence that this Judge is biased or prejudiced against him based on an extrajudicial source.  Also, no facts are presented which would produce an appearance of impartiality.  The Court has no personal bias or prejudice with regard to this case.  Thus, Plaintiff's request that this Judge withdraw must be DENIED.

III. Request to Dismiss Claims Against Defendant William Foley

Plaintiff requests dismissal of all claims against named Defendant William Foley because Foley is now retired.  Plaintiff states that he reserves the right to call Foley as a witness.

The Court grants Plaintiff's motion to dismiss all claims against Foley.  The Court cannot rule on a reservation of right to call an individual as a witness.

IV. Motion to Stay

In their motion to stay this case until the Ninth Circuit issues its ruling in the appeal of case number C 97-4352 CW,

4

1 Defendants argue that, due to the duplicative nature of the issues
2 raised in this case and the case on appeal, it is likely that the
3 outcome of the appeal may bear on this case.  Plaintiff opposes on
4 the ground that the issues in the two cases are different.  The
5 Court agrees with Defendants and stays the case pending the outcome
6 of the appeal in case number C 97-4352 CW.  Within two weeks of the
7 Ninth Circuit's decision in case number C 97-4352 CW, the parties
8 shall inform the Court of the decision.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a motion for reconsideration is GRANTED (Docket # 16), his motions for reconsideration (Docket # 17) and for recusal (Docket # 18) are DENIED, and his motion to dismiss all claims against Defendant Foley is GRANTED (Docket # 17).  Defendants' motion for a stay (Docket # 247 in case number C 97-4352 CW) is GRANTED.  The case is set for a case management conference on July 8, 2008 at 2 pm.  This conference may be continued if the Ninth Circuit has not yet ruled.

IT IS SO ORDERED.

Dated: 2/11/08

_____
CLAUDIA WILKEN
United States District Judge

5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EINHEBER et al,

        Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al,

        Defendant.

Case Number: CV07-03319 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jack Einheber
P.O. Box 250014
Columbia University Station
New York, NY 10025

Michael Lauerenson
Paula Kutansky
Gordon & Rees
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Dated: February 11, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk