IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK EINHEBER,<br><br>    Plaintiff,<br><br>  v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____/ | No. 07-03319 CW<br><br>ORDER SETTING<br>BRIEFING SCHEDULE |

    On February 7, 2008, the Ninth Circuit Court of Appeals issued an opinion in related case C-97-4352 CW, <u>Einheber v. Regents of the University of California, et al</u>.  Accordingly,

    IT IS HEREBY ORDERED that parties shall file briefs as to the effect of the Ninth Circuit's opinion in C-97-4352 CW on Plaintiff's complaint in the above-captioned case.  Defendants shall file an opening brief by February 25, 2008.  Plaintiff's opposition will be due March 14, 2008, and any reply by Defendants will be due March 21, 2008.  Thereafter, the matter will be decided on the papers or set for hearing at a later date.

    2/11/08

Dated _____

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EINHEBER et al,

        Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al,

        Defendant.

Case Number: CV07-03319 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jack Einheber
P.O. Box 250014
Columbia University Station
New York, NY 10025

Michael Lauerenson
Paula Kutansky
Gordon & Rees
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Dated: February 11, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

2

**FILED**

**NOT FOR PUBLICATION**

FEB 07 2008

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK EINHEBER,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA AND VICTORIA HARRISON.<br><br>Defendants-Appellees. | No. 06-16462<br><br>D.C. No. CV-97-4352<br><br>MEMORANDUM * |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted November 8, 2007**
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and WU ***, District Judge.

Pro per plaintiff/appellant Jack Einheber ("Appellant") appeals from the District

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a).

\*\*\*   The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

Court's grant of summary judgment in favor of defendants/appellees The Regents of the University of California and Victoria Harrison (collectively "Appellees") in connection with Appellant's sole remaining claim for violation of the Rehabilitation Act.

## BACKGROUND

Appellant was a member of the University of California at Berkeley Police Department when he was terminated in January 1991 for alleged acts of misconduct. In March 1991, Appellant initiated a grievance proceeding pursuant to the University of California, Berkeley's Staff Personnel Policies in which he claimed, among other things, that his termination constituted discrimination due to physical handicap and that it was in retaliation for prior grievances which he had filed against his supervisors. A hearing was conducted before a mutually selected arbitrator who issued an initial May 1993 decision finding that Appellant had committed serious acts of misconduct but that termination was not warranted. In November 1996, a subsequent hearing was held before a different arbitrator who ordered that Appellant's termination be converted to a long-term suspension which would be subject to re-characterization as a medical separation and leave of absence upon Appellant's receipt of disability retirement status.

In November 1997, Appellant filed a state court action against Appellees, *i.e. Einheber v. Regents of the University of California*, Alameda County Superior Court

2

Case No. 790655-2 ("*Einheber II*").[1] In his fourth cause of action, Appellant alleged that he had developed a disability in "late 1989" and that Appellees discriminated against him as a result of that disability in the months leading up to and including his January 1991 termination.

In November 1999, Appellant also filed a petition in state court for a writ of administrative mandamus challenging the grievance process in his case, *i.e. Einheber v. Regents of the University of California*, Alameda County Superior Court Case No. 819055-2 ("*Einheber I*").[2] In July 2003, the *Einheber I* trial court issued a decision denying the petition for writ of administrative mandamus, finding that the grievance proceedings were fairly conducted and that the other contentions raised by Appellant were without merit.

In August 2003, the *Einheber II* trial court issued a ruling granting a motion for judgment on the pleadings without leave to amend finding that all five of Appellant's causes of action in that case "arise out of the same constellation of facts" that were

---

[1] For purposes of consistency with the opinions rendered by the California Court of Appeals and the District Court, we use this designation although *Einheber II* was instituted <u>before</u> the action referred to by them as "*Einheber I*." See Appellees' Supplemental Appendix ("ASA"), Tab 11 at 5 n.2; Tab 9 at 2.

[2] Under California law, "unless a party to a quasi-judicial administrative agency proceeding challenges the adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later civil actions." *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 65 (2000); *Westlake Community Hosp. v. Superior Court*, 17 Cal.3d 465, 484 (1976).

3

involved in his administrative grievance proceedings.

In December 1997, Appellant filed this federal court action raising three causes of action for: (1) violation of the Americans with Disabilities Act (42 U.S.C. § 12112) and the Rehabilitation Act (29 U.S.C. § 794);[3] (2) retaliation; and (3) intentional infliction of emotional distress. The District Court dismissed the emotional distress count in 2001 and in February 2003 granted summary judgment as to Appellant's remaining claims. In December 2004, this Court affirmed that grant of summary judgment except as to the Rehabilitation Act claim based upon his 1991 termination.

In November 2005, the California Court of Appeals affirmed the state trial court's decisions in both *Einheber I* and *Einheber II*. With respect to *Einheber II*, the state appellate court determined that the claims made therein arose out of the same "constellation of facts" that Appellant had alleged in his administrative grievance. Because Appellant had been unsuccessful in his mandamus challenge to the grievance process in *Einheber I*, the appellate court concluded that he could not maintain his substantive claims in *Einheber II*. In February 2006, the California Supreme Court denied review of both *Einheber I* and *Einheber II*.

In July 2006, based upon the appellate court decisions in *Einheber I and II*, the

---

[3] Appellant's first cause of action in his federal lawsuit includes virtually the same paragraphs as used in his fourth cause of action in the *Einheber II* First Amended Complaint for Damages. *Compare* ASA, Tab 3 at ¶¶ 8 and 32 thru 46 *with* Tab 4 at ¶¶ 8 and 26 thru 44.

4

District Court granted Appellees' motion for summary judgment in this action concluding that Appellant was collaterally estopped from re-litigating his remaining Rehabilitation Act claim arising out of his 1991 termination.

## STANDARD OF REVIEW

A grant of summary judgment is reviewed *de novo*. *See Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006). The Court is to "determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the District Court correctly applied the relevant substantive law." *Id.*

The availability of collateral estoppel[4] and the preclusive effect of a prior judgment are also reviewed *de novo*. *See id.*; *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000); *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 528 (9th Cir. 1998). Once determined to be available, the application of collateral estoppel is reviewed only for abuse of discretion. *See Dias*, 436 F.3d at 1128; *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986).

## ANALYSIS

Under 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court judgments as would be afforded those judgments by courts of that state. *Far*

---

[4] The terms "collateral estoppel" and "issue preclusion" are used interchangeably herein. *See Syverson v. International Business Machines Corp.*, 472 F.3d 1072, 1078 n.8 (9th Cir. 2007).

5

*Out Prods., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001); *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994). In addition, "Federal courts give the same preclusive effect to the decisions of state administrative agencies as the state itself would, subject to the 'minimum procedural requirements' of the Due Process Clause of the Fourteenth Amendment." *Dias*, 436 F.3d at 1128.

Section 1738 applies where administrative findings have been reviewed by state courts of general jurisdiction. *See Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 326-27 (9th Cir. 1995). Even where section 1738 does not require preclusive effect, federal courts may still give preclusive effect to the findings of state administrative tribunals as a matter of federal common law at least so long as the state proceeding "satisfies the requirements of fairness outlined in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966)": (1) that the administrative agency act in a judicial capacity, (2) that the agency resolved disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate. *Miller*, 39 F.3d at 1032-33; *see also University of Tennessee v. Elliott*, 478 U.S. 788, 797-98 (1986). "[T]he University [of California] is a statewide administrative agency possessing adjudicatory powers derived from the Constitution as to the problems and purposes of its personnel." *Ishimatsu v. Regents of Univ. of Cal.*, 266 Cal.App.2d 854, 864 (1968).

California courts apply the doctrine of issue preclusion – or collateral estoppel –

if: (1) the issue decided in the prior case is identical to the one now presented; (2) there was a final judgment on the merits in the prior case; and (3) the party to be estopped was a party or in privity with a party to the prior adjudication. *See San Remo Hotel, L.P. v. San Francisco City & County*, 364 F.3d 1088, 1096 (9th Cir.), *cert. granted in part*, 543 U.S. 1032 (2004), *aff'd*, 545 U.S. 323 (2005); *Younan v. Caruso*, 51 Cal.App.4th 401, 406-07 (1996). With respect to the preclusive effect of administrative agency determinations, California law follows the same criteria as set forth in *Utah Construction*. *See People v. Sims*, 32 Cal.3d 468, 479 (1982).[5]

Here, the question of what preclusive effect California courts would afford the outcome of Appellant's grievance procedure and the denial of Appellant's writ petition respecting that procedure has been answered by a California court. In *Einheber II*, the state trial court and the California Court of Appeals ruled that Appellant could not maintain his claims in that case, because, as is true here, those claims arose out of the same "constellation of facts" as Appellant's grievance proceedings. Appellant had already litigated – and lost – on his charges of disability discrimination and retaliation arising out of his termination in his grievance proceedings and had failed to overturn or reverse the holdings of those proceedings. *See Johnson v. City of Loma Linda*, 24 Cal.4th

---

[5] Appellant does not appear to challenge the District Court's implicit conclusions with respect to whether his grievance proceeding met the procedural standards required by *Utah Construction* and *Sims*. There appears to be no obvious error in the District Court's conclusions in that respect.

7

61, 69-76 (2000); *Dao v. Univ. of Cal.*, 2004 U.S. Dist. LEXIS 16828, *24 (N.D. Cal. Aug. 13, 2004) ("The requirement that plaintiffs overturn adverse administrative decisions through mandamus proceedings is grounded in the doctrine of collateral estoppel, or issue preclusion...."). Ultimately, even in the absence of *Einheber II*, that a California state court would have applied collateral estoppel to the grievance hearing officers' conclusions on Appellant's discrimination/retaliation claims (or affirmative defenses) is free from doubt. *See, e.g., Morgan v. Regents of Univ. of Cal.*, 88 Cal.App.4th 52, 71-72 (2000) (express finding at the arbitration of plaintiff's grievance that layoff was not result of discrimination or retaliation entitled to collateral estoppel effect).

Appellant argues that his discrimination claims in the present action differ from those he raised in the grievance proceedings and his state court civil action. Appellant references what he terms the "renewed" acts of discrimination, apparently meaning his discrimination allegations that were related to Appellees' failure to rehire him in 1996. As Appellees correctly point out, the District Court already granted summary judgment on that portion of Appellant's claim and this Court previously affirmed that ruling. Therefore, those allegations were no longer part of Appellant's federal case at the time the District Court issued its ruling herein.

The District Court's grant of summary judgment based upon collateral estoppel is

**AFFIRMED**.

9