1   MICHAEL A. LAURENSON (SBN: 190023)
     PAULA KUTANSKY-BROWN (SBN: 245342)
2   GORDON & REES LLP
     Embarcadero Center West
3   275 Battery Street, Suite 2000
     San Francisco, CA 94111
4   Telephone: (415) 986-5900
     Facsimile: (415) 986-8054
5

6   Attorneys for Defendants
     THE REGENTS OF THE UNIVERSITY OF
     CALIFORNIA and VICTORIA HARRISON
7

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11   JACK EINHEBER,              )  CASE NO. C 07-03319 CW
                           )  CASE NO. C 97-04352 CW
12              Plaintiff,      )
                           )  **NOTICE OF DECISION**
13      vs.                     )
                           )
14   THE REGENTS OF THE UNIVERSITY OF  )
     CALIFORNIA, THE UNIVERSITY OF     )
15   CALIFORNIA AT BERKELEY, VICTORIA  )
     HARRISON, and Does 1-100, inclusive,    )
16                            )
     Defendants.              )
17   _____)

18

19           Per the Court's Order of February 11, 2008, Defendants hereby notify the Court of the

20   attached decision of the United States Court of Appeals for the Ninth Circuit Court, filed

21   February 7, 2008.

22   Dated: February 12, 2008          GORDON & REES, LLP

23

24                            By:
                                             
25                             MICHAEL A. LAURENSON
                            Attorneys for Defendants
26                             THE REGENTS OF THE UNIVERSITY OF
                            CALIFORNIA and VICTORIA HARRISON

27

28

NOTICE OF DECISION

UCR/0062161/9342088v1

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**FILED**

**NOT FOR PUBLICATION**

FEB 07 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK EINHEBER, | No. 06-16462 |
| Plaintiff-Appellant, | D.C. No. CV-97-4352- CW |
| v. | MEMORANDUM [*] |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA AND VICTORIA HARRISON. | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted November 8, 2007 [**]
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and WU [***], District Judge.

Pro per plaintiff/appellant Jack Einheber ("Appellant") appeals from the District

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a).

[***]   The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

Court's grant of summary judgment in favor of defendants/appellees The Regents of the University of California and Victoria Harrison (collectively "Appellees") in connection with Appellant's sole remaining claim for violation of the Rehabilitation Act.

## BACKGROUND

Appellant was a member of the University of California at Berkeley Police Department when he was terminated in January 1991 for alleged acts of misconduct. In March 1991, Appellant initiated a grievance proceeding pursuant to the University of California, Berkeley's Staff Personnel Policies in which he claimed, among other things, that his termination constituted discrimination due to physical handicap and that it was in retaliation for prior grievances which he had filed against his supervisors. A hearing was conducted before a mutually selected arbitrator who issued an initial May 1993 decision finding that Appellant had committed serious acts of misconduct but that termination was not warranted. In November 1996, a subsequent hearing was held before a different arbitrator who ordered that Appellant's termination be converted to a long-term suspension which would be subject to re-characterization as a medical separation and leave of absence upon Appellant's receipt of disability retirement status.

In November 1997, Appellant filed a state court action against Appellees, *i.e.* *Einheber v. Regents of the University of California*, Alameda County Superior Court

2

Case No. 790655-2 ("*Einheber II*").[1] In his fourth cause of action, Appellant alleged that

he had developed a disability in "late 1989" and that Appellees discriminated against him

as a result of that disability in the months leading up to and including his January 1991

termination.

In November 1999, Appellant also filed a petition in state court for a writ of

administrative mandamus challenging the grievance process in his case, *i.e. Einheber v.*

*Regents of the University of California*, Alameda County Superior Court Case No.

819055-2 ("*Einheber I*").[2] In July 2003, the *Einheber I* trial court issued a decision

denying the petition for writ of administrative mandamus, finding that the grievance

proceedings were fairly conducted and that the other contentions raised by Appellant

were without merit.

In August 2003, the *Einheber II* trial court issued a ruling granting a motion for

judgment on the pleadings without leave to amend finding that all five of Appellant's

causes of action in that case "arise out of the same constellation of facts" that were

---

1  For purposes of consistency with the opinions rendered by the California
Court of Appeals and the District Court, we use this designation although *Einheber
II* was instituted <u>before</u> the action referred to by them as "*Einheber I*." *See*
Appellees' Supplemental Appendix ("ASA"), Tab 11 at 5 n.2; Tab 9 at 2.

2  Under California law, "unless a party to a quasi-judicial administrative
agency proceeding challenges the adverse findings made in that proceeding, by
means of a mandate action in superior court, those findings are binding in later
civil actions." *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 65 (2000); *Westlake
Community Hosp. v. Superior Court*, 17 Cal.3d 465, 484 (1976).

involved in his administrative grievance proceedings.

In December 1997, Appellant filed this federal court action raising three causes of action for: (1) violation of the Americans with Disabilities Act (42 U.S.C. § 12112) and the Rehabilitation Act (29 U.S.C. § 794);[3] (2) retaliation; and (3) intentional infliction of emotional distress. The District Court dismissed the emotional distress count in 2001 and in February 2003 granted summary judgment as to Appellant's remaining claims. In December 2004, this Court affirmed that grant of summary judgment except as to the Rehabilitation Act claim based upon his 1991 termination.

In November 2005, the California Court of Appeals affirmed the state trial court's decisions in both *Einheber I* and *Einheber II*. With respect to *Einheber II*, the state appellate court determined that the claims made therein arose out of the same "constellation of facts" that Appellant had alleged in his administrative grievance. Because Appellant had been unsuccessful in his mandamus challenge to the grievance process in *Einheber I*, the appellate court concluded that he could not maintain his substantive claims in *Einheber II*. In February 2006, the California Supreme Court denied review of both *Einheber I* and *Einheber II*.

In July 2006, based upon the appellate court decisions in *Einheber I and II,* the

---

3 Appellant's first cause of action in his federal lawsuit includes virtually the same paragraphs as used in his fourth cause of action in the *Einheber II* First Amended Complaint for Damages. *Compare* ASA, Tab 3 at ¶¶ 8 and 32 thru 46 *with* Tab 4 at ¶¶ 8 and 26 thru 44.

District Court granted Appellees' motion for summary judgment in this action concluding that Appellant was collaterally estopped from re-litigating his remaining Rehabilitation Act claim arising out of his 1991 termination.

## STANDARD OF REVIEW

A grant of summary judgment is reviewed *de novo*. *See Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006). The Court is to "determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the District Court correctly applied the relevant substantive law." *Id.*

The availability of collateral estoppel[4] and the preclusive effect of a prior judgment are also reviewed *de novo*. *See id.*; *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000); *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 528 (9th Cir. 1998). Once determined to be available, the application of collateral estoppel is reviewed only for abuse of discretion. *See Dias*, 436 F.3d at 1128; *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986).

## ANALYSIS

Under 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court judgments as would be afforded those judgments by courts of that state. *Far*

---

4   The terms "collateral estoppel" and "issue preclusion" are used interchangeably herein. *See Syverson v. International Business Machines Corp.*, 472 F.3d 1072, 1078 n.8 (9th Cir. 2007).

*Out Prods., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001); *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994).  In addition, "Federal courts give the same preclusive effect to the decisions of state administrative agencies as the state itself would, subject to the 'minimum procedural requirements' of the Due Process Clause of the Fourteenth Amendment." *Dias*, 436 F.3d at 1128.

Section 1738 applies where administrative findings have been reviewed by state courts of general jurisdiction.  *See Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 326-27 (9th Cir. 1995).  Even where section 1738 does not require preclusive effect, federal courts may still give preclusive effect to the findings of state administrative tribunals as a matter of federal common law at least so long as the state proceeding "satisfies the requirements of fairness outlined in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966)":  (1) that the administrative agency act in a judicial capacity, (2) that the agency resolved disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate. *Miller*, 39 F.3d at 1032-33; *see also University of Tennessee v. Elliott*, 478 U.S. 788, 797-98 (1986).  "[T]he University [of California] is a statewide administrative agency possessing adjudicatory powers derived from the Constitution as to the problems and purposes of its personnel." *Ishimatsu v. Regents of Univ. of Cal.*, 266 Cal.App.2d 854, 864 (1968).

California courts apply the doctrine of issue preclusion – or collateral estoppel –

6

if: (1) the issue decided in the prior case is identical to the one now presented; (2) there was a final judgment on the merits in the prior case; and (3) the party to be estopped was a party or in privity with a party to the prior adjudication. *See San Remo Hotel, L.P. v. San Francisco City & County*, 364 F.3d 1088, 1096 (9th Cir.), *cert. granted in part*, 543 U.S. 1032 (2004), *aff'd*, 545 U.S. 323 (2005); *Younan v. Caruso*, 51 Cal.App.4th 401, 406-07 (1996). With respect to the preclusive effect of administrative agency determinations, California law follows the same criteria as set forth in *Utah Construction*. *See People v. Sims*, 32 Cal.3d 468, 479 (1982).[5]

Here, the question of what preclusive effect California courts would afford the outcome of Appellant's grievance procedure and the denial of Appellant's writ petition respecting that procedure has been answered by a California court. In *Einheber II*, the state trial court and the California Court of Appeals ruled that Appellant could not maintain his claims in that case, because, as is true here, those claims arose out of the same "constellation of facts" as Appellant's grievance proceedings. Appellant had already litigated – and lost – on his charges of disability discrimination and retaliation arising out of his termination in his grievance proceedings and had failed to overturn or reverse the holdings of those proceedings. *See Johnson v. City of Loma Linda*, 24 Cal.4th

---

5 Appellant does not appear to challenge the District Court's implicit conclusions with respect to whether his grievance proceeding met the procedural standards required by *Utah Construction* and *Sims*. There appears to be no obvious error in the District Court's conclusions in that respect.

61, 69-76 (2000); *Dao v. Univ. of Cal.*, 2004 U.S. Dist. LEXIS 16828, *24 (N.D. Cal. Aug. 13, 2004) ("The requirement that plaintiffs overturn adverse administrative decisions through mandamus proceedings is grounded in the doctrine of collateral estoppel, or issue preclusion...."). Ultimately, even in the absence of *Einheber II*, that a California state court would have applied collateral estoppel to the grievance hearing officers' conclusions on Appellant's discrimination/retaliation claims (or affirmative defenses) is free from doubt. *See, e.g., Morgan v. Regents of Univ. of Cal.*, 88 Cal.App.4th 52, 71-72 (2000) (express finding at the arbitration of plaintiff's grievance that layoff was not result of discrimination or retaliation entitled to collateral estoppel effect).

Appellant argues that his discrimination claims in the present action differ from those he raised in the grievance proceedings and his state court civil action. Appellant references what he terms the "renewed" acts of discrimination, apparently meaning his discrimination allegations that were related to Appellees' failure to rehire him in 1996. As Appellees correctly point out, the District Court already granted summary judgment on that portion of Appellant's claim and this Court previously affirmed that ruling. Therefore, those allegations were no longer part of Appellant's federal case at the time the District Court issued its ruling herein.

The District Court's grant of summary judgment based upon collateral estoppel is

8

**AFFIRMED**.

1

**PROOF OF SERVICE**

2

    I am a resident of the State of California, over the age of eighteen years, and
not a party to the within action. My business address is: Embarcadero Center
3 West, 275 Battery Street, Suite 2000, San Francisco, CA 94111. On February 13,
2008, I served the within documents:

4

**NOTICE OF DECISION**

5

6 ☐   by transmitting via facsimile the document(s) listed above to the fax
number(s) set forth below on this date before 5:00 p.m.

7 ☒   by placing the document(s) listed above in a sealed envelope with postage
thereon fully prepaid, in United States mail in the State of California at
8 San Francisco, addressed as set forth below.

9 ☐   by personally delivering the document(s) listed above to the person(s) at
the address(es) set forth below.

10

11 ☐   by placing a true copy thereof enclosed in a sealed envelope, at a station
designated for collection and processing of envelopes and packages for
overnight delivery by FedEx as part of the ordinary business practices of
12 Gordon & Rees LLP described below, addressed as follows:

13 ☐   by placing a true copy thereof enclosed in a sealed envelope, at a station
designated for collection and processing of envelopes and packages for
14 overnight delivery by Express Mail by U.S. post office as part of the
ordinary business practices of Gordon & Rees LLP described below,
15 addressed as follows:

16 Jack Einheber
P.O. Box 250014
17 Columbia University Station
New York, NY 10025
18

19

    I am readily familiar with the firm's practice of collection and processing
20 correspondence for mailing. Under that practice it would be deposited with the
U.S. Postal Service on that same day with postage thereon fully prepaid in the
21 ordinary course of business. I am aware that on motion of the party served, service
is presumed invalid if postal cancellation date or postage meter date is more than
22 one day after the date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California
23 that the above is true and correct.

24     Executed on February 13, 2008, at San Francisco, California.

25

26

27                          Karen Sheehy

28